**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CRIMINAL NO.  1:09CR13**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **VS.** ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| ) | |
| **KENNETH LEE FOSTER** ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's post-trial motions to dismiss the bill of indictment, for judgment of acquittal, and to set aside the verdict and for a new trial, filed July 17, 2009.  For the reasons that follow, Defendant's motions are denied.

After a four day trial, a jury found the Defendant and co-Defendant Yvonne Fountain guilty of conspiracy to possess with intent to distribute crack cocaine,[1] in violation of 21 U.S.C. §§ 846 and 841(a)(1); the

---

[1] Co-conspirator Perry Roger Shippy, charged in a separate indictment, was tried along with these two Defendants due to the fact that Shippy was alleged to have been part of the same drug conspiracy involving the Defendants in this case.  He, too, was found guilty of both the conspiracy charge and using a communications facility to further such conspiracy.

Defendant was also found guilty of  knowingly using a communication facility to further the drug conspiracy, in violation of 21 U.S.C. § 843(b).[2] *See* **Verdict Sheet, filed July 9, 2009.**  Defendant's post-trial motions are similar to those made and denied by the Court during the trial.  However, the Court will address each *in seratim.*

Defendant argues the indictment should be dismissed because it was based on evidence originating from a criminal complaint "which alleged a state crime and not a federal crime."  **Defendant's Motion, at 1.**  This argument is wholly without merit.

On February 6, 2009, the undersigned concluded there was probable cause to support the issuance of a criminal complaint charging Defendant with possession with intent to sell and deliver 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  **Criminal Complaint, at 1**. Nowhere in the criminal complaint is there any mention of offenses prohibited by North Carolina General Statutes.  The criminal complaint

---

[2] This count was dismissed on motion of the Government as to Defendant Fountain during the trial.

properly sets out an alleged violation of federal law under Title 21.

Accordingly, this argument is overruled.[3]

Defendant next contends the criminal complaint and warrant for arrest violate his rights under the Fifth, Sixth and Fourteenth Amendments, but offers no explanation or argument other than this conclusory allegation. **Defendant's Motion, at 2.**  As such, this argument is overruled.

Defendant renews his motion for judgment of acquittal claiming, even taking the evidence in the light most favorable to the Government, there was insufficient evidence to sustain the jury's verdicts of guilty.  *Id.*

A defendant may move for judgment of acquittal "of any offense for which the evidence is insufficient to sustain a conviction," (a) at the close of the Government's evidence and before the case is submitted to the jury; (b) at the close of all the evidence after the Defendant has rested; and (c) after the jury has returned a verdict.  *See* **Fed. R. Crim. P. 29 (a)-(c).**  A defendant is entitled to renew a motion for judgment of acquittal within seven days after the jury returns a guilty verdict.  **Fed. R. Crim. P.**

---

[3] Defendant's objection that the undersigned issued the criminal complaint and arrest warrant despite the fact that the docket record shows otherwise is also without merit.  The docket record clearly shows the undersigned issued the arrest warrant on February 6, 2009.  *See* **Doc. 2 ("Arrest Warrant Issued . . . by District Judge Lacy Thornburg[.]").**

**29(c)(1).**  In deciding whether to grant a motion for judgment of acquittal, the Court must view the evidence presented in the light most favorable to the Government and "inquire whether a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt." ***United States v. Singh***, **518 F.3d 236, 246 (4th Cir. 2008) (citing** ***United States v. Lentz***, **383 F.3d 191, 199 (4th Cir. 2004)).**  Defendant offers three arguments in support of his motion for acquittal.

First, he contends there was insufficient evidence to sustain the jury's guilty verdicts, but does not make any new argument that persuades the Court to change its ruling denying his previous motion for acquittal on this basis.  The Court recalls the testimony and overwhelming evidence that revealed Defendant's substantial involvement in the conspiracy charged herein; the jury was clearly impressed by this evidence, finding 4.5 kilograms or more of crack cocaine attributable to the Defendant.  ***See*** **Verdict Sheet***, supra.*

Defendant next contends the Court failed to instruct the jury properly on Count Two of the indictment by failing "to specifically name the Defendant . . . when instructing the jury on the elements of use of a

communication facility in committing acts in Count One." **Defendant's Motion, at 2.**

When properly challenged, jury instructions are examined for "whether, taken as a whole, the instruction fairly states the controlling law." ***United States v. Cobb*, 905 F.2d 784, 789 (4th Cir. 1990) ("[W]e do not conduct a search for technical error."); *see also United States v. Ellis*, 121 F.3d 908, 923 (4th Cir. 1997) ("[E]ven where use or denial of a jury instruction is in error, reversal is warranted only when the error is prejudicial based on a review of the record as a whole.").** In the present case, the undersigned has examined the jury instructions given at Defendant's trial and concludes they make plain to the jury, (1) that each Defendant on trial must be considered separately, and (2) that the jury must find that the evidence presented supports a finding that each Defendant was guilty beyond a reasonable doubt. Additionally, the jury was instructed that if they found the Defendant guilty of the charge in Count One, they must also consider whether or not he was guilty of using a communication facility to further the drug conspiracy charged in Count One. The verdict sheet also contained instructions in this regard. Therefore, the Court finds these instructions properly charge the jury to

consider the evidence and charges against each Defendant, separately. Finding no error in the jury instructions as a whole, this argument is overruled.

Defendant next contends the motion for judgment of acquittal should be granted because the information contained in the affidavit in support of the issuance of the search warrant for 37 Waters Street in Asheville, North Carolina, was stale. **Defendant's Motion, at 2.** This argument was previously raised in Defendant's motion to suppress and was rejected by the Court. Defendant contends that the affidavit contains information collected almost four months prior to the issuance of the warrant. However, the DEA agent testified at trial that the warrant was applied for during the ongoing investigation into an active drug conspiracy. Additionally, the agent's testimony was further supported by the quantity of drugs and cash recovered from Defendant's residence during execution of the search warrant. Defendant's argument is overruled.

Defendant next contends that his Fourth Amendment rights were violated because he was not afforded an evidentiary hearing prior to trial to challenge the search warrant. Defendant's counsel entered this case by filing a notice of appearance on April 20, 2009. Defendant and counsel

were noticed on May 12, 2009, of the trial date of July 6, 2009. **_See_ Order, filed May 12, 2009, and corresponding docket entry.** Defendant's counsel filed no motions on Defendant's behalf until July 2, 2009, the very eve of trial. The Arraignment Order entered in this case provides that all pretrial motions, such as motions to suppress, must be made within 30 days from entry of the order. **_See_ Arraignment Order, filed February 18, at 2; _see_ Fed R. Crim. P. 12(c) ("The Court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions.").** Even though Defendant's counsel was not retained until after this deadline had passed, he filed no motion for an extension of time to file pretrial motions nor did he offer any reasons at trial for the late filing. Even though the Court had cause to summarily deny the Defendant's motion, the Court heard counsel's arguments with regard to the suppression motion before the jury venire was called in the courtroom for _voir dire_, and counsel thoroughly cross-examined the DEA agent and objected to his testimony during the trial. The Court finds that by Defendant's failure to file a timely motion to suppress or seek an extension of time in which to do so, he has waived his right to have an evidentiary hearing thereon. Accordingly, Defendant's argument is overruled.

Defendant's final contention is that the verdict should be set aside and a new trial should be granted due to the errors committed by the undersigned during the trial. **Defendant's Motion, at 3**. A trial court may, in its discretion, vacate a judgment and award a new trial "if the interest of justice so requires." **Fed. R. Crim. P. 33(a).** A district court "'should exercise its discretion to grant a new trial 'sparingly'[.]" ***United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (quoting *United States v. Wilson*, 118 F.3d 228, 237 (4th Cir. 1997)).** A "jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it." ***United States v. Smith*, 451 F.3d 209, 217 (4th Cir. 2006) (quoting *Perry*, 335 F.3d at 320).** The Court has examined Defendant's arguments as well as the evidence presented at trial and concludes that such evidence overwhelmingly supports the jury's finding of Defendant's guilt on both counts charged in the indictment. Defendant's motion for a new trial is denied.

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss the indictment is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion for a judgment of acquittal is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to set aside the verdict and for a new trial is **DENIED**.

Signed: August 5, 2009

Lacy H. Thornburg
United States District Judge