# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:09cr13-8

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| KENNETH LEE FOSTER. ) | |
| _____) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Release all Jenks (*sic*) 3500 Material Along with Grand Jury Transcript under Fed. R. Crim. Pro. 6(e)(3)(c)(i)(ii) [Doc. 603].

The Defendant was found guilty after jury trial of conspiracy to possess with intent to distribute cocaine base and use of a communications device to facilitate the distribution of a controlled substance, in violation of 21 U.S.C. §§846 & 843(b). [Doc. 347]. He was sentenced to 360 months imprisonment on Count One and 96 months of imprisonment on Count Two, to run concurrently. [Id.]. The Defendant's conviction and sentence were affirmed by the United States Fourth Circuit Court of Appeals in March 2011. United States v. Foster, 416 F. App'x. 304 (4th Cir. 2011), cert. denied, __ S.Ct. __, 2011 WL 4532486 (2011).

The record does not show that the Defendant has filed a motion

pursuant to 28 U.S.C. §2255. In this motion, the Defendant refers to the necessity of obtaining Jencks Act material, 18 U.S.C. §3500, and a transcript of the grand jury proceedings in his case to use in preparation of such a motion.

To the extent that the Defendant seeks discovery of purported Jencks Act material, he has not filed a civil action pursuant to §2255. Thus, the Rules Governing Section 2255 Proceedings for the United States District Courts are not yet implicated. The Defendant's criminal case is concluded, the Fourth Circuit has affirmed his conviction and sentence, and discovery is not available in this proceeding. Prisoners are not entitled to copies of materials produced during discovery or at trial absent a showing of particularized need. United States v. Lewis, 1994 U.S. LEXIS 35656, 37 F.3d 1510 (10th Cir. 1994) (applying standard to request for pretrial records); Wallace v. United States, 2007 WL 4568971 (W.D.N.C. 2007); United States v. Adams, 2007 WL 1302543 (D.Kan. 2007) (plea agreement).

To the extent that the Defendant seeks grand jury transcripts, transcripts may not be furnished at government expense unless this Court "certifies that the suit ... is not frivolous and that the transcript is needed to decide the issue presented by the suit[.]" 28 U.S.C. §753(f). There is no suit pending with this

Court.

Moreover, federal inmates are not entitled to transcripts at Government expense for collateral attacks on their convictions absent some showing of a particularized need. United States v. MacCollom, 426 U.S. 317, 326-27, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976); United States v. Davis, 369 F.App'x. 546 (5th Cir. 2010); United States v. Parker, 273 F.A'ppx. 243, 244 (4th Cir. 2008); Alexander v. Evatt, 1994 U.S. App. LEXIS 18445, 23 F.3d 399 (4th Cir. 1994). "An indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw." Jones v. Superintendent, Virginia State Farm, 460 F.2d 150, 152 (4th Cir. 1972), cert. denied 410 U.S. 944, 93 S.Ct. 1380, 35 L.Ed.2d 611 (1973).

In addition, grand jury materials may not be disclosed absent a "strong showing of particularized need." United States v. Sells Engineering, Inc., 463 U.S. 418, 443, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983); United States v. Silva, 745 F.2d 840, 845 (4th Cir. 1984), cert. denied 470 U.S. 1031, 105 S.Ct. 1404, 84 L.Ed.2d 791 (1985). Speculation by the Defendant that irregularities occurred before the grand jury is not sufficient to show a particularized need. United States v. Chase, 372 F.2d 453, 466 (4th Cir. 1967), cert. denied 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 626 (1967). Likewise, "across the board

fishing expeditions" do not constitute a "particularized need."  United States v. Kin, 577 F.2d 473, 478 (9th Cir. 1978).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Release all Jenks (*sic*) 3500 Material Along with Grand Jury Transcript under Fed. R. Crim. Pro. 6(e)(3)(c)(i)(ii) [Doc. 603] is hereby **DENIED**.

Signed: March 5, 2012

Martin Reidinger
United States District Judge