IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:12cv63
[Criminal Case No. 1:09cr13]

| | |
|---|---|
| KENNETH LEE FOSTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion Pursuant to Rule 60(a) for Relief from Judgment/Order [Doc. 5].

## PROCEDURAL BACKGROUND

On March 23, 2012, the Petitioner filed a Complaint against the Defendants United States of America, U.S. Attorney General Eric Holder, United States Bureau of Prisons Warden Perdue of Ray Brook Federal Correctional Institution, and Unknown U.S. Marshals. [Doc. 1]. The Complaint is titled "Complaint against Defendant(s) for False Imprisonment in Violation Outside of the Court's Jurisdiction under Title 18 U.S.C. § 7(3)." [Id.]. On that same date, the Petitioner filed an Application to Proceed in District Court without Prepaying Fees or Costs (Long Form). [Doc. 2]. On May 29,

2012, this action was construed as a motion to vacate pursuant to 28 U.S.C. § 2255 and the application therefore denied because there is no filing fee for a §2255 motion to vacate. [Doc. 4].

In the pending motion, the Petitioner contends that the Court incorrectly construed his Complaint as a §2255 Motion because it was his intent to bring this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971). [Doc. 5]. The Court accepts the Petitioner's contention and will, therefore, treat this action as one brought under Bivens, rather than pursuant to 28 U.S.C. §2255.[1]

This requires reconsideration of the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Long Form). [Doc. 2]. The Plaintiff's financial affidavit shows that he does qualify to proceed without the prepayment of fees. The application will, therefore, be granted.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §§1915(e)(2) & 1915A, the Court will review the Complaint to determine whether it is subject to summary dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which

---

[1] For that reason the Court hereinafter refers to Foster as Plaintiff rather than Petitioner.

2

relief may be granted." 28 U.S.C. §1915(e)(2).  In determining whether the Complaint is frivolous, the Court considers whether it raises an indisputably meritless legal theory or is founded on clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## DISCUSSION

On July 9, 2009, a jury found the Plaintiff guilty of conspiracy to possess with intent to distribute cocaine base and using a communication facility to commit drug trafficking crimes, in violation of 21 U.S.C. §§846 & 843(b). [Criminal Case No. 1:09cr13-8, Doc. 299].  On August 25, 2009, the Plaintiff was sentenced to 360 months imprisonment on Count One to run concurrently with 96 months on Count Two. [Id. at Doc. 347].  His conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit. United States v. Foster, 416 F. App'x. 304 (4th Cir.), cert. denied __ U.S. __, 132 S.Ct. 218, 181 L.Ed.2d 120 (2011).

In this action, the Plaintiff alleges that he was transported in February 2012 from a federal correctional facility in South Carolina to one in Ray Brook, New York (FCI Ray Brook).[2]  This facility, he contends, is outside the territorial

---

[2]To the extent that the Plaintiff asserts a Bivens claim based on conditions of confinement at either correctional facility, this Court has no jurisdiction.  Ajaj v. Smith,

3

jurisdiction of the United States; he did not consent to being transferred to Ray Brook; and therefore, he is being falsely imprisoned. Plaintiff cites 18 U.S.C. §7(3) as support for his contention that he is being falsely imprisoned.

The statute Plaintiff cites, however, only provides the definition for the special territorial jurisdiction of the United States *Courts*. In other words, offenses committed on these specially defined federal land are within the jurisdiction of this Court. The statute, however, says absolutely nothing regarding whether FCI Ray Brook is located within the boundaries of the United States. The Plaintiff also claims that because FCI Ray Brook flies the Canadian flag, it is therefore outside the territorial jurisdiction of the United States.[3]

The same theory was asserted by another federal prisoner in custody at FCI Ray Brook. In Modena v. United States, 2012 WL 1150819 (W.D. Mich. 2012), the district court found that plaintiff's action was barred by sovereign immunity and was frivolous. Id. at *2.

> Plaintiff's claim of false imprisonment by Defendants is both
> legally and factually frivolous. Plaintiff contends that he should
> not have been transferred to FCI Ray Brook because it is outside

---

108 F. App'x. 743 (4th Cir.), cert. denied 544 U.S. 913, 125 S.Ct. 1621, 161 L.Ed.2d 293 (2005).

[3]It appears that FCI Ray Brook is the departure institution for prisoners awaiting treaty transfers to Canada. Marshall v. Reno, 915 F. Supp. 426, 431 (D.D.C. 1996).

4

the jurisdiction of the United States. Plaintiff makes two central allegations to support his claim. First, he claims that, as a factual matter, because the facility flies a Canadian flag, the institution must be outside the jurisdiction of the United States. Second, he argues that the facility does not fall within the definitions of the "[s]pecial maritime and territorial jurisdiction of the United States," as described in 18 U.S.C. §7.

Plaintiff's factual allegation about the flying of a Canadian flag is wholly and completely irrelevant to establishing whether the facility is within the jurisdiction of the United States. By Plaintiff's own admissions, the facility is located within the State of New York, which is within the geographical borders of the United States.

In addition, Plaintiff's reliance on 18 U.S.C. §7 is legally frivolous.

...

Those who commit offenses against the United States are punishable[.] It is beyond dispute that Plaintiff was properly convicted under a valid United States criminal statute for conduct that occurred within the United States. He also was sentenced to serve a term of imprisonment under the supervision of the United States Bureau of Prisons. Since being delivered by the United States Marshals to the custody of the Bureau of Prisons, Plaintiff has continuously been in the custody of the Bureau of Prisons, and he has been transferred to various prisons managed by the Bureau of Prisons. Plaintiff now has been transferred to a prison operated by the Bureau of Prisons and located within the State of New York. In sum, there exists no jurisdictional issue under 18 U.S.C. §7 or any other statute.

Further, Plaintiff's assertion that he did not consent to being housed at FCI Ray Brook is wholly irrelevant to his present prison placement. Plaintiff's pseudo-legalistic invocations of contract law have no bearing on his continued incarceration with the Bureau of Prisons following his conviction for a violation of federal law. Moreover, to the extent Plaintiff suggests that he is entitled to be

transferred back to the Milan Correctional Facility (FCI Milan), the Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification.

2012 WL 1150819, at *2-3 (citations omitted).

The reasoning of the Court in Modena is directly applicable here, and the Plaintiff's action is barred. This Curt lacks jurisdiction. The United States maintains soverign immunity for such a claim, and this claim is frivolous.[4] Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (federal prisoners have no protected liberty interest in remaining at custodial institution); Bell v. Wolfish, 441 U.S. 520, 539, 540-41 n.23, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (Bureau of Prisons has discretion to determine where and under what conditions federal prisoner is housed); Ajaj, 108 F. App'x. 743 (no jurisdiction over Bivens claim based on conditions of confinement in South

---

[4]The Plaintiff cites United States v. Hernandez-Fundora, 896 F. Supp. 276 (N.D.N.Y. 1995), in support of his contention that FCI Ray Brook is outside the territorial jurisdiction of the United States. In that case, a prisoner detained at FCI Ray Brook pursuant to a detainer issued by the Immigration and Naturalization Service was charged with assault within the special territorial jurisdiction of the United States when he hit another prisoner with a table leg. At trial, the court removed from the jury's deliberation the issue of whether the prison was located within federal territory. On appeal, the trial court's decision as to that issue was affirmed but the case was remanded on other grounds. United States v. Hernandez-Fundora, 58 F.3d 802 (2nd Cir.), cert. denied 515 U.S. 1127, 115 S.Ct. 2288, 132 L.Ed.2d 290 (1995). On remand, the government conceded that FCI Ray Brook was not within the territorial jurisdiction of the United States for purposes of prosecuting a charge of assault in violation of 18 U.S.C. §113. Hernandez-Fundora, 896 F.Supp. 276. The reasoning is therefore inapplicable to the Plaintiff's claim that FCI Ray Brook is not located within the United States.

6

Carolina or New York).

For these reasons, this action must be dismissed.

**O R D E R**

**IT IS, THEREFORE, ORDERED** as follows:

1. The Plaintiff's Motion Pursuant to Rule 60(a) for Relief from Judgment/Order [Doc. 5] is hereby **GRANTED**;

2. The Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) [Doc. 2], upon reconsideration, is hereby **GRANTED** and the Court's Order of May 29, 2012 [Doc. 4] is hereby **WITHDRAWN**;

3. The Plaintiff's action, construed as having been brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971), is hereby is **DISMISSED** with prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that this action is hereby deemed a first civil action for the purposes 28 U.S.C. §1915(g).

Signed: June 29, 2012

Martin Reidinger
United States District Judge