**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CRIMINAL CASE NO. 1:09cr13-8**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| KENNETH LEE FOSTER. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the following *pro se* filings by the Defendant:

1. Motion pursuant to Federal Rules of Criminal Procedure Rule 33 based on the Government's Nondisclosure of Information Favorable to the Defense under Brady [Doc. 642];

2. Letter Motion for Disposition [Doc. 667];

3. Consolidated Motion for and Brief in Support of Summary Judgment of Rule 33 Motion [Doc. 677];

4. Motion for Docket 348 [Doc. 680];

5. Motion for Status Report or Hearing [Doc. 692];

6. Motion for Status Report or Hearing [Doc. 698]; and

7. Motion to Rule on Rule 33 Brady Claim [Doc. 700].

**PROCEDURAL HISTORY**

On July 9, 2009, the Defendant was found guilty by jury verdict of conspiracy to possess with intent to distribute cocaine base and using a communication facility to commit that conspiracy, in violation of 21 U.S.C. §§846 & 843. [Doc. 299]. The Defendant filed post-trial motions to dismiss the indictment, for a judgment of acquittal and to set aside the verdict and grant a new trial. [Doc. 303]. Those motions were denied by the trial court on August 6, 2009.[1] [Doc. 319].

Because the Defendant had a prior felony drug conviction, he faced a mandatory minimum sentence of 20 years on Count One. [Doc. 160]. He was also found to be a career offender based on his criminal history. [Doc. 338]. On August 26, 2009, the Defendant was sentenced to 360 months imprisonment on Count 1 and 96 months on Count 2 to run concurrently with Court 1. [Doc. 347]. The Defendant appealed his conviction and sentence. [Doc. 363].

On appeal, the Defendant attacked the evidence produced as a result of wiretaps, claiming that the trial court erred by refusing to suppress

---

[1] Hon. Lacy H. Thornburg was the trial court judge. When he retired, the case was reassigned to the undersigned.

the same. United States v. Foster, 416 Fed. App'x. 304 (4th Cir.), cert. denied ____ U.S. ____, 132 S.Ct. 218, 181 L.Ed.2d 120 (2011). The United States Court of Appeals for the Fourth Circuit held:

> As to the contention that the wiretap application did not comply with 18 U.S.C. §2518(1)(c) because it did not contain a "full and complete statement" of the facts, the Defendants claim that our review is limited to AUSA Rose's application and that [Special Agent] Guzzo's affidavit, although it was incorporated by reference, cannot be considered. In particular, they allege that defense counsel did not have access to Guzzo's affidavit. There is nothing in the record and the Defendants cite to nothing, however, to support their assertion that trial counsel did not have a copy of the affidavit or could not have obtained it, had it been requested. Moreover, it is undisputed that the district court had Guzzo's affidavit when it issued the wiretap warrant. Thus, we may consider Guzzo's affidavit in determining whether the application complied with §2518(1)(c). Review of the application and Guzzo's affidavit clearly demonstrates that the "full and complete" information required by §2518(1) was supplied to the court. No error has been shown.

Id. at 309. The Court of Appeals also held in a footnote that "Guzzo's affidavit is in the supplemental joint appendix and is properly before this Court. Additionally, the district court had the affidavit before it when it issued its wiretap order." Id. at n.6. It further held that the trial court "did not abuse its discretion in issuing the initial wiretap order or in denying the motion to suppress." Id. at 310. The Defendant's conviction and sentence were affirmed. Id. at 312.

On March 23, 2012, the Defendant filed a motion pursuant to 28 U.S.C. §2255. [Foster v. United States, Civil Case No. 1:12cv63, Doc. 1]. On July 2, 2012, the Court granted the Defendant's request to construe that action as one brought pursuant to Bivens[2] and dismissed it with prejudice. [Id. at Doc. 6]. The Defendant did not appeal that ruling.

On October 2, 2012, the Defendant filed a motion pursuant to 28 U.S.C. §2255 alleging that he received ineffective assistance of counsel, specifically in regards to the handling of the motion to suppress based on the wiretaps. [Foster v. United States, Civil Case No. 1:12cv315, Doc. 1]. That action remains pending. This decision addresses only the motions pending in the criminal case.

**STANDARD OF REVIEW**

In order to obtain a new trial on the basis of a Brady[3] violation, a defendant must (1) identify the existence of evidence favorable to him; (2) show that the Government suppressed that evidence; and (3) show that the suppression was material. United States v. King, 628 F.3d 693, 701 (4th Cir. 2011). The burden of proof rests with the defendant. Id. "[A]

---

[2] Bivens v. Six Unknown Named Agencts of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[3] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

4

defendant must specifically prove the materiality of the suppressed evidence, demonstrating a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at 702 (internal quotation and citation omitted). The Court has considered the record of the proceedings and finds that a hearing on this motion is unnecessary to its resolution. United States v. Delorme, 481 Fed. App'x. 592, 594 (11th Cir. 2012) (defendant not entitled to hearing on purported Brady violation); United States v. Ferguson, 385 Fed. App'x. 518, 525 (6th Cir.), cert. denied ____ U.S. ____, 131 S.Ct. 3060, 180 L.Ed.2d 887 (2011).

**DISCUSSION**

On appeal, the Defendant argued that the District Court erred in failing to suppress the evidence obtained through the wiretap orders. Those orders, he claimed, were defective because the Government failed to attach the supporting affidavit of Agent Guzzo and because defense counsel did not have access to that affidavit. The Fourth Circuit, however, held that the affidavit had been properly filed in support of the application and had been before the District Court at the time the wiretap issued. It also held there was no evidence in the record that the affidavit had not been disclosed to the Defendant.

5

Having failed on appeal, the Defendant now shifts his argument to the Government's purported failure to file the memorandum of authorization for the wiretap. [Doc. 642-1]. The Defendant argues that the Government conceded on appeal that the wiretap memorandum had not been filed and thus had not provided to the Defendant. [Doc. 642 at 6]. The Government, he claims, "revealed" on appeal that the memorandum had not been filed "by the government or with the District Court." [Id.].

This purported concession stems from the Government's Motion for Leave to File Supplemental Joint Appendix which was filed with the Fourth Circuit during the Defendant's appeal. [Doc. 642-2]. In that motion, the Government acknowledged the Defendant's argument on appeal that "the *record on appeal* does not show that the Government's wiretap applications were authorized by an official appropriately designated to authorize such applications by the Attorney General of the United States." [Id. at 2] (emphasis provided). Contrary to the Defendant's claim that the District Court never saw the memorandum of authorization, the Government also noted in its motion before the Court of Appeals:

> Omitted from the Joint Appendix [before the Court of Appeals], however, is the memorandum of authorization obtained by the Government from the Department of Justice a week before the first wiretap application was filed and presented to the district court to support that application. In preparing for the trial of

> Defendant Foster's wife in March of 2010, Government counsel realized that this memorandum had inadvertently not been filed by the district court when it filed under seal the documents submitted by the Government and considered by the district court in granting the Government's initial (and subsequent) wiretap order(s). To provide a full and complete record, the Government filed the authorizing memorandum on March 11, 2010. Thus, this document is also part of the record but was apparently not in the district court record at the time the court decided Foster's motion to suppress. Nevertheless, because this document was submitted to the district court, and in any event, makes clear that the Government did indeed have proper authorization to submit the wiretap applications, it is necessary [for inclusion in the record on appeal].

[Doc. 642-2 at 3-4].

The Defendant's argument that the issuing court never saw the memorandum of authorization ignores the Fourth Circuit's holding that the trial court "did not abuse its discretion in issuing the initial wiretap order or in denying the motion to suppress." Foster, 416 Fed. App'x. at 310. The issue of authorization was before the Court of Appeals, as shown by the Government's motion to supplement, and the Court of Appeals held that the District Court did not err in denying the Defendant's motion to suppress, a motion based on the purportedly defective wiretap applications. The Fourth Circuit has ruled that the wiretap applications and the ensuing wiretap warrants were proper. The Defendant therefore cannot meet his initial burden of showing that the Government failed to disclose information,

much less favorable and material information. United States v. Tellechea, 478 Fed. App'x. 605, 607 (11th Cir. 2012) (quoting United States v. Starrett, 55 F.3d 1525, 1554 (11th Cir. 1995)) ("Failure to meet any one of these elements will defeat a motion for a new trial.").

Moreover, under the law-of-the-case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). The mandate rule stems from the law-of-the-case doctrine and forbids a district court from failing to follow the decision of an appellate court as to issues that "have been explicitly or implicitly decided on appeal[.]" United States v. Minicone, 994 F.2d 86, 89 (2nd Cir. 1993). "Under these principles, a district court faced with a motion for a new trial under Rule 33 may not reconsider Brady claims that have been decided by a court of appeals." United States v. Basciano, 2010 WL 3325409 **6 (E.D.N.Y.), affirmed 465 Fed. App'x. 9 (2nd Cir.), cert. denied ___ U.S. ___, 132 S.Ct. 2788, 183 L.Ed.2d 656 (2012). Such is the case here and the Defendant is not entitled to relief.

The Defendant's remaining motions relate to his motion for a new trial based on a Brady violation. He claims, for example, that because the

Government never responded to the motion, he is automatically entitled to the relief sought.[4] The Defendant, however, failed to show that there was any Brady violation. That outcome does not change simply because the Government did not respond to this Motion.

Finally, the Defendant requested that the Clerk of Court provide him with a copy of Document 348, which is the Statement of Reasons filed in connection with his Judgment of Conviction. In that document, which is not for public disclosure, the Court made findings and disclosures related to the Defendant's presentence investigation report. [Doc. 348]. The Bureau of Prisons (BOP) Program Statement No. 1351.05 prohibits federal inmates from possessing copies of their presentence reports due to safety concerns. United States v. Pugh, 69 Fed.Appx. 628 (4th Cir. 2003); Thompson v. United States Dept. of Justice, 2006 WL 2585033 (N.D.W.Va. 2006). As a result, the Clerk of Court may not mail a copy of the Defendant's presentence report to him. Id.

## ORDER

**IT IS, THEREFORE, ORDERED** that the following motions are hereby **DENIED**:

---

[4] The Defendant's argument that this Court ordered the Government to respond is incorrect. The Defendant has conflated his pending §2255 motion with this case.

1. Motion pursuant to Federal Rules of Criminal Procedure Rule 33 based on the Government's Nondisclosure of Information Favorable to the Defense under Brady [Doc. 642];

2. Letter Motion for Disposition [Doc. 667];

3. Consolidated Motion for and Brief in Support of Summary Judgment of Rule 33 Motion [Doc. 677];

4. Motion for Docket 348 [Doc. 680];

5. Motion for Status Report or Hearing [Doc. 692];

6. Motion for Status Report or Hearing [Doc. 698]; and

7. Motion to Rule on Rule 33 Brady Claim [Doc. 700].

Signed: May 25, 2013

Martin Reidinger
United States District Judge