# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:09-cr-00013-MR-8

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **KENNETH L. FOSTER,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court upon the Defendant's "Motion for Judicial Notice" [Docs. 794, 795].

## I. PROCEDURAL BACKGROUND

On February 17, 2009, the Defendant was charged, along with numerous co-defendants and co-conspirators, with conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841, and using a communication facility to further a drug offense, in violation of 21 U.S.C. § 843. [Doc. 12: Sealed Indictment]. The Defendant proceeded to trial with two of his co-defendants and was found guilty on both counts. [Doc. 347: Judgment]. This Court sentenced the Defendant to 360 months' imprisonment on the conspiracy count and to 96 months' imprisonment on the communications count, with those sentences to run concurrently. [Id.].

The Defendant's conviction and sentence were affirmed on appeal. United States v. Foster, 416 F. App'x 304, 306 (4th Cir.), cert. denied, 132 S.Ct. 218 (2011).

The Defendant then filed a motion to vacate pursuant to 28 U.S.C. § 2255 [Doc. 689], which the Court denied and dismissed on October 28, 2013 [Doc. 721]. The Fourth Circuit Court of Appeals dismissed the Defendant's appeal and denied a certificate of appealability on May 2, 2014. United States v. Foster, 570 F. App'x 322 (4th Cir. 2014).

The Court received the present motions on November 30, 2015. In his motions, the Defendant asserts that his co-defendant, Yvonne Marie Fountain, had pleaded guilty to the conspiracy charge but yet was still "allowed to be seated beside [him] during [his] trial as if she had never [pleaded guilty]." [Doc. 794 at 1].[1] The Defendant argues that Fountain's guilty plea was withheld from him until November 1, 2015, and that the withholding of this information violated his due process rights and caused a "structural error" in the trial proceedings. [Id.]. The Defendant asks the Court to "take judicial notice of this structural error" and to "use its proper authority to correct the stated structural error." [Id. at 1-2].

---

[1] The Defendant's second motion, while handwritten, is virtually identical in substance to the Defendant's first, typewritten motion.

## II. ANALYSIS

The relief that the Defendant is seeking in his present motion is identical to the relief he could obtain through a successful Section 2255 proceeding. Accordingly, the Court will treat his motions as one brought pursuant to Section 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application").

A prisoner must obtain permission from the appropriate court of appeals before he may file a second motion under § 2255. 28 U.S.C. § 2255(h). Because the Defendant has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion, the Court concludes that it is without jurisdiction to consider the merits of the present motions. The Defendant's "Motions for Judicial Notice," therefore, will be dismissed.[2]

---

[2] Even if the Defendant's motions were not subject to dismissal as an unauthorized successive petition, the Defendant's motions would be denied for being substantively meritless. While Defendant Fountain did in fact execute a plea agreement by which she agreed to plead to the conspiracy charge [Doc. 250: Plea Agreement], she never entered a guilty plea pursuant to that plea agreement. [See Minute Entry dated June 29, 2009].

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motions for Judicial Notice" [Docs. 794, 795] is **DISMISSED** as an unauthorized, successive Section 2255 motion.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

---

Fountain did not complete the Rule 11 hearing and instead elected instead to go to trial along with two of her co-defendants (including Defendant Kenneth Foster), at which time she was found guilty of the conspiracy charge by a jury. [Doc. 297: Jury Verdict]. Therefore, the Defendant's contention that Fountain pleaded guilty prior to trial is simply without merit.

**IT IS SO ORDERED.**       Signed: December 14, 2015

Martin Reidinger
United States District Judge