# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:09-cr-00013-MR-DLH-8

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> KENNETH LEE FOSTER, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion to Revisit Previous Motion 750 Amendment Denying Request for Reduction of Crack-Sentence Nunc Pro Tunc" [Doc. 865].

By the present motion, the Defendant seeks reconsideration of the determination that the Defendant was not entitled to relief pursuant to 18 U.S.C. § 3582 and Amendment 750. [Doc. 865]. No motion, however, was filed on behalf of the Defendant pursuant to § 3582 seeking any relief based on Amendment 750. The determination that the Defendant challenges was not made by the Court but rather by the Federal Defenders, who were appointed to review the Defendant's case and determine whether he was eligible for a sentence reduction under Amendment 750. The Federal

Defenders determined that the Defendant was not eligible for any reduction, given his status as a career offender. [Doc. 666]. The Defendant now takes issue with that determination, arguing that the *Court* erred in designating him as a career offender and thus denying him relief under Amendment 750. The Court, however, never denied the Defendant relief under Amendment 750 because no motion for a sentence reduction under that provision was ever filed.[1] The Defendant's motion for reconsideration of the Court's determination that he was not eligible for relief under Amendment 750, therefore, is denied.

To the extent that the Defendant now seeks relief under Amendment 750, his motion must be denied. Because the Defendant's Guidelines range was determined by his status as a career offender [Doc. 338 at 9], Amendment 750 is not applicable to his sentence.

To the extent that the Defendant challenges his designation as a career offender, his motion also must be denied. In challenging his designation as a career offender, the Defendant is attacking the same

---

[1] The Defendant previously filed a *pro se* motion entitled "Mr. Foster's Second Motion for Reduction of Sentence under Amendments 782 or 750." [Doc. 818]. Nothing in that motion, however, advocates that the Defendant is entitled to any relief under Amendment 750. The Defendant argues therein that his criminal history category was miscalculated. That motion was denied for reasons that do not implicate Amendment 750.

criminal judgment that he challenged in his prior motion to vacate under 28 U.S.C. § 2255.  See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (noting that "new legal arguments or proffers of additional evidence will usually signify that the prisoner is . . . continuing his collateral attack on his conviction or sentence").  The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain —

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  The Defendant previously filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was denied and dismissed.  The Defendant has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive § 2255 motion on this issue.  This Court is therefore without jurisdiction to consider a successive petition under § 2255.  See In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc).

For the foregoing reasons, the Defendant's motion is denied. Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Revisit Previous Motion 750 Amendment Denying Request for Reduction of Crack-Sentence Nunc Pro Tunc" [Doc. 865] is **DENIED.**

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

Signed: July 7, 2017

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge