IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:09-cr-00013-MR-WCM-8

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KENNETH LEE FOSTER, ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Defendant's "Motion With Incorporated Brief for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)" [Doc. 1028].

I.   BACKGROUND

A federal grand jury indicted the Defendant Kenneth Foster and fourteen others in connection with a drug-trafficking conspiracy. The Defendant was charged in Count One of the Indictment with conspiring to possess with intent to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and in Count Two with using a communication facility "in committing and in causing and facilitating the commission of acts alleged in COUNT ONE," in violation of 21 U.S.C. §

843(b). [Doc. 12: Indictment]. The Government filed an information under 21 U.S.C. § 851, notifying the Defendant and this Court that it intended to seek an enhanced penalty based on the Defendant's prior conviction for a felony drug offense. [Doc. 160: Amended Notice].

A jury found the Defendant guilty of both offenses and found that at least 4.5 kilograms of crack cocaine were reasonably foreseeable to him during his participation in the drug-trafficking conspiracy. [Doc. 299: Jury Verdict].

In advance of sentencing, a probation officer with the Court's probation office submitted a Presentence Report (PSR) and calculated a base offense level of 38 based on the Defendant's responsibility for at least 4.5 kilograms of crack cocaine. [Doc. 338: PSR at ¶ 26]. The probation officer added four offense levels because the Defendant was a leader of the drug-trafficking organization. [Id. at ¶ 29]. The probation officer also found that the Defendant was a career offender based on his prior kidnapping, attempted armed robbery, and drug-trafficking offenses. However, because the drug-trafficking guideline, U.S.S.G. § 2D1.1, yielded a higher offense level than the career-offender guideline, U.S.S.G. § 4B1.1, the higher offense level was applied. [Id. at ¶ 39]. The PSR noted that the Sentencing Guidelines advised

a sentence of between 360 months and life in prison based on a total offense level of 42 and a criminal history category of VI.[1]  [Id. at ¶ 88].

The Defendant was sentenced in August 2009.[2]  At sentencing, this Court adopted the PSR and sentenced the Defendant to 360 months' imprisonment for the drug-trafficking offense and to a concurrent term of 96 months' imprisonment for the communication-facility offense.  [Doc. 347: Judgment at 2; Doc. 348: Statement of Reasons at 1].

In June 2022, the Defendant moved for a reduction of his sentence pursuant to The First Step Act of 2018.  [Doc. 986].  The Government conceded that the Defendant was entitled to relief but argued against any reduction of the Defendant's sentence.  [Doc. 992].

In October 2022, this Court entered an Order addressing the Defendant's First Step motion.  [Doc. 998].  First, the Court determined that the Defendant's sentence was eligible for review under § 404 of the Act.  [Id. at 6].  Having determined that the Defendant's sentence qualified for review on the merits, the Court then analyzed whether it should exercise its

---

[1] Without the career offender enhancement, the Defendant's criminal history category was III.  [Doc. 338: PSR at ¶ 51].

[2] The Defendant was sentenced by the Honorable Lacy H. Thornburg.  Upon Judge Thornburg's retirement, this case was reassigned to the undersigned.

3

discretion to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. [Id.]. In so doing, the Court calculated the Defendant's advisory Guidelines range, applying the retroactive provisions of the Fair Sentencing Act. [Id. at 6-8]. The Court determined, however, that applying The Fair Sentencing Act of 2010 as if it had been in effect at the time of the Defendant's offense would not provide any change in the Defendant's advisory guidelines range, as that range was calculated using the applicable drug quantities (more than 4.5 kilograms of cocaine base resulting in a base offense level of 34) and his leadership role (resulting a four-level enhancement and a total offense level of 38). [Id.]. As the Court noted, these calculations were unaffected by the Fair Sentencing Act of 2010. [Id.]. Based on his status as a career offender, the Defendant's criminal history category remained unchanged at VI, resulting in a Guidelines range of 360 months to life. [Id. at 8]. As such the application of The First Step Act of 2018 provided no change in the calculation of the Defendant's advisory guideline range.

The Court noted, however, that under current law, the Defendant's present convictions would not qualify as controlled substance offenses for the purpose of the career offender guideline. [Id. at 8-10]. Without the career offender enhancement, the Court noted that the Defendant's criminal history

4

category would be considered today to be III rather than VI, and that the Defendant's advisory Guidelines range would be 292 to 360 months. [Id. at 10]. The Court noted that this intervening change in the law, however, was of limited value to the Defendant, as the Court found the Defendant's actual offense conduct to be much more germane to the analysis. [Id. at 11]. The Court, nonetheless, took the intervening change in law into account.[3] [Id.]. The Court also considered the Defendant's post-sentencing rehabilitation, including the completion of a number of educational courses and work assignments and his minimal disciplinary history, finding that these factors also allowed for some degree of downward variance. [Id.]. In light of the identified non-retroactive intervening changes in the law, and in reconsidering the relevant § 3553(a) factors—including, but not limited to, the evidence of the Defendant's post-sentencing rehabilitation—the Court in its discretion reduced the Defendant's term of imprisonment to a term of 336 months. [Id. at 12]. An Amended Judgment was entered the same day. [Doc. 1000]. The Defendant appealed the Court's Order [Doc. 1005], and

---

[3] The Court further considered the Defendant's argument that his sentence should be further reduced to a sentence of time served because his offense level would be even lower if the provisions of the Eliminating a Quantifiably Unjust Application of the Law Act of 2021, H.R. 1693 ("the EQUAL Act") were to be codified into law. [Id. at 11 n.6]. The Court, however, declined to drastically reduce the Defendant's sentence further based solely upon pending legislation that may or may not ever be enacted. [Id.].

the Court of Appeals affirmed, holding that this Court did not abuse it discretion in determining the extent of the sentence reduction [Doc. 1012].

The Defendant now returns to this Court, seeking a further reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). [Doc. 1028]. The Defendant is currently housed at USP McCreary, and his projected release date is December 16, 2031.[4]

## II. DISCUSSION

A defendant may seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, it appears that the Defendant has exhausted his administrative rights with the BOP. [Doc. 1028-2]. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

---

[4] See https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Jan. 14, 2025).

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. This policy statement sets forth a list of specified extraordinary and compelling reasons, considered either singly or in combination, that can warrant a reduction in sentence, including: (1) the defendant's medical condition, including a terminal illness or serious medical or physical condition that substantially diminishes the defendant's ability to provide self-care or requires long-term or specialized medical care; (2) the defendant's age, if the defendant at least 65 years old, is experiencing a serious deterioration in physical or mental health, and has served at least 10 years or 75 percent of his or her term of imprisonment; (3) certain family circumstances, such as the death or incapacitation of the defendant's child, or where the defendant would be the only available caregiver for an incapacitated family member; (4) where the defendant was a victim of abuse

7

while in custody; (5) any other reasons that are similar in gravity to the aforementioned reasons; and (6) in the event of an "unusually long sentence," the defendant has served at least 10 years of the term of imprisonment, and there has been a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(1)-(6).

Here, the Defendant contends that the statutory changes brought about by such laws as The First Step Act, considered along with the evidence of his post-sentencing rehabilitation, warrant a further sentence reduction under § 3582(c)(1)(A). [Doc. 1028-1 at 10-16]. The Court, however, has already considered these arguments in ruling on the Defendant's request for relief under The First Step Act. Specifically, the Court already took account the non-retroactive changes in the law since the Defendant's sentencing as well as his positive post-sentencing conduct in affording him relief under that Act. The arguments that the Defendant already has made, and for which he has already received relief, do not qualify as extraordinary and compelling reasons for a further reduction. Accordingly, the Court declines to revisit these same reasons in the context of a § 3582(c)(1)(A) motion.

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's crimes were extremely serious. Between January 2008 and February 2009, the Defendant was the leader of a drug-trafficking organization that distributed large quantities of crack cocaine in and around Buncombe County, North Carolina. [Doc. 338: PSR at ¶¶ 7, 10-16, 18-19]. The Defendant bought powder cocaine from four separate sources of supply and cooked the powder cocaine into crack cocaine for distribution. [Id. at ¶ 19]. The Defendant controlled the planning and hierarchy of his drug-trafficking organization, established the price purchasers paid his subordinates, and generally exercised control and authority over others. [Id.]. The Defendant also described himself as "the 'king' of Asheville" and told one of his sources that he "ruled the city." [Id. at ¶ 10]. At the time the Defendant committed these offenses, he had previously been convicted of attempted armed robbery, two counts of second-degree kidnapping, and possession with intent to manufacture, sell, and deliver a schedule II controlled substance. [Id. at ¶ 47-48]. In light of

9

the serious nature of the Defendant's offenses and his criminal history, the Court finds that the relevant § 3553(a) sentencing factors, including the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes, counsel against a further reduction of the Defendant's sentence.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's compassionate release motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion With Incorporated Brief for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)" [Doc. 1028] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 17, 2025

Martin Reidinger
Chief United States District Judge